UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY PRICE and CAROLYN L. PRICE, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>MAX RECOVERY, INC.; eCAST SETTLEMENT )<br>CORPORATION; and MAX FLOW CORP., )<br>)<br>Defendants. ) | 04 C 7011 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The present matter comes before the court on the appeal of the Appellants-Debtors, Anthony and Carolyn Price (referred to collectively as the "Debtors"). The Debtors request that we reverse the decision of the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), which overruled the Debtors' objections to the allowance of the claims of Appellees-Claimants (collectively referred to as the "Claimants"), Max Recovery, Inc. ("Max Recovery"), eCAST Settlement Corporation ("eCAST"), and Max Flow Corporation ("Max Flow"). For the reasons set forth below, the decision of the Bankruptcy Court is affirmed.

## BACKGROUND

On May 17, 2002, the Debtors filed a voluntary petition for relief (along with the required schedules and statements) under Chapter 13 of Title 11 United States Code in the Bankruptcy Court. Subsequently, the Debtors filed two amended schedules of unsecured creditors.

On June 24, eCAST, as successor to American Express Travel Related Services Company, Inc., timely filed an unsecured nonpriority claim. The claim was registered by the Bankruptcy Court as Claim Number Five. On July 23, eCAST amended Claim Five by attaching an accounting summary setting forth the Debtors' names, account number, and the amount of the indebtedness as of the filing date of the petition. The Bankruptcy Court registered the amended claim as Claim Number Seven.

On July 23, Max Recovery, as successor to Chase Manhattan Bank, USA, North America, timely filed an unsecured nonpriority claim. The claim was supported by an attached accounting summary setting forth the Debtors' names, account number, and the amount of the indebtedness as of the filing date of the petition. The Bankruptcy Court registered the claim as Claim Number Six.

On July 23, Max Recovery, as successor to Aspire Visa, timely filed an unsecured nonpriority claim. The claim was supported by an attached accounting summary setting forth the Debtors' names, account number, and the amount of the

indebtedness as of the filing date of the petition. The Bankruptcy Court registered the claim as Claim Number Eight.

On August 6, Max Flow, as assignee of MBNA America Bank, N.A., timely filed an unsecured nonpriority claim. The claim was supported by an attached accounting summary setting forth the Debtors' names, account number, and the amount of the indebtedness as of the filing date of the petition. The Bankruptcy Court registered the claim as Claim Number Nine.

On September 13, the Bankruptcy Court confirmed the Debtors' Chapter 13 plan. Almost two years later, on August 4, 2004, the Debtors filed motions to disallow the above-mentioned claims. The Debtors argued that the Claimants' proof of the claims were inadequately supported by documentation and did not constitute *prima facie* evidence of the validity and amounts of the claims. On September 9, 2004, after hearing oral arguments, the Bankruptcy Court overruled the Debtors' objections.

On review, the Debtors raise various issues for our consideration. The Debtors seek a determination of the sufficiency and evidentiary strength of the Claimants' writings in the form of, and attached to, the proofs of claims. Further, the Debtors seek our determination that the Bankruptcy Court erred in denying their motions to disallow the Claimants' claims. Finally, the Debtors seek a determination of the remedies

afforded to them if the claims against their estate do not comply with applicable bankruptcy provisions.

## LEGAL STANDARD

This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a) and 1334 and has jurisdiction to review an order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). On review, the Bankruptcy Court's findings of fact stand unless clearly erroneous. Fed. R. Bankr. P. 8013; Fed. R. Civ. P. 52(a); Pierce v. Underwood, 487 U.S. 552, 558 (1988). The Bankruptcy Court's conclusions of law are subject to *de novo* review. Pierce, 487 U.S. at 558.

## DISCUSSION

The first issue raised on appeal is a question of law that essentially deals with form versus substance. The Debtors argue that the proof of claims and the Claimants' attachments to their proffered claims fail to meet the requirements of Federal Rule of Bankruptcy Procedure 3001. The Rule provides in pertinent part:

> (a) Form and content. A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.
>
> (b) Who may execute. A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.
>
> (c) Claim based on a writing. When a claim, or an interest in property of the debtor securing the claim, is based on a

> writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.
>
> (d) Evidence of perfection of security interest. If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.
>
> . . .
>
> (f) Evidentiary effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

Fed. R. Bankr. P. 3001.

Specifically, the Debtors contend that Rule 3001 unambiguously mandates that in order to execute and file the proof of claim in accordance with the rules, the potential claimant must file the original or duplicate of the writing, with the proof of claim, upon which the claim is based, or alternatively, if the writing has been lost or destroyed, the potential claimant must provide a statement of the circumstances of the loss or destruction and file that statement with the proof of claim. The Debtors contend that because the Claimants filed what appear to be account details or account summaries for each of the respective accounts, the Claimants failed to meet the allegedly strict requirements of Rule 3001.

The Claimants counter that the Bankruptcy Rules do not afford any bases for disallowing claims nor do they set forth a standard of strict compliance. See Fed. R. Bankr. P. 3001 advisory committee's note. The Claimants point to other bankruptcy decisions that have discussed that a proof of claim for an unsecured creditor requires little more than a listing of name, address, amount of claim, and a signature. See LTV Corp. v. Gulf States Steel, Inc., 969 F.2d 1050, 1058 (D.C. Cir. 1992). Other courts have also held that, except for a claim for a security interest in a debtor's property, a claim and its writings fulfill informational, not evidentiary, purposes only. See In re Garner, 246 B.R. 617, 621 (B.A.P. 9th Cir. 2000). "The purpose of the rules regarding claims is to require creditors to provide sufficient information so that a debtor may identify the creditor and match the creditor and the amount of the claim with the claims scheduled by the debtor." In re Hughes, 313 B.R. 205, 212 (Bankr. E.D. Mich. 2004).

The Bankruptcy Court agreed with the Claimants' interpretation of Rule 3001 and opined that disallowance of a claim must rest on one of the enumerated bases for disallowance set forth in the bankruptcy statute, 11 U.S.C. § 502(b). The Bankruptcy Court found no basis in the law for disallowance of a claim based on an alleged failure to comply with a Bankruptcy Rule. We agree with the Bankruptcy Court's interpretations of the Rules and conclusions of law. The Claimants' proof of claims were properly filed and sufficiently documented.

Rule 3001(c) acknowledges that a proof of claim need only conform "substantially" to the appropriate official form. Fed. R. Bankr. P. 3001(c). The existence of the word "substantially" indicates that the proof of claim need not conform *exactly* to the appropriate official form.

Here, the Claimants complied substantially with the Rules on the proof of claim form. The Claimants' claims include the name of the Debtors, the name of any predecessors, the name of the liable parties on the accounts, the account numbers, and the amounts of the unsatisfied debts. The claims provide all information necessary for the Debtors to identify any potential claimants, the accounts, and the amounts being claimed. Further, the notice affords the Debtors the opportunity to articulate a substantive basis, if any, for objections. The claims complied with the spirit and underlying rationale of the applicable Bankruptcy Rules and as such constituted *prima facie* evidence of the validity and amount of the claims. Fed. R. Bankr. P. 3001(f).

Even if the claims had not substantially complied with Rule 3001, the claims are still allowed claims under Section 502 of the Bankruptcy Code, unless the Debtors were able to establish an exception under Section 502(b). The Debtors were unable to contradict the substance of the claims; they merely objected to their form. Moreover, the Debtors acknowledged the validity of their debts by listing them on their schedule of unsecured claims. See In re Gervich, 570 F.2d 247, 253 (8th Cir. 1978) (discussing

that schedules may create a judicial admission of the existence of a debt). Therefore, the validity of the Claimants' proof of claims stands.

Regarding the second issue raised on appeal, the Debtors argue that the Bankruptcy Court erred and should have disallowed the proof of claims. We disagree.

The Bankruptcy Court found that the Debtors failed either to offer or demonstrate any substantive basis for disallowing the claims. Unable to find any direct or substantive dispute regarding the debts, the Bankruptcy Court refused to allow the Debtors to attempt to avoid payment of the debts in question on the basis of a technicality, merely because not every possible document to prove the claim was attached to the claim form. The Bankruptcy Court found no merit to the Debtors' implication that the claims were so inadequate as to hide inflated, incorrect, or false claim balances. The Court noted that the Debtors' objections did not assert that they did not owe the debts or that they had a substantive defense to the claims in question. We find no clear error with the Bankruptcy Court's factual findings.

Finally, the Debtors seek a determination of the appropriate remedies afforded to them if the claims against their estate did not comply with applicable bankruptcy provisions. In accordance with our ruling that the Bankruptcy Court did not err in overruling the Debtors' objections, we need not reach the merits of this final issue.

## CONCLUSION

Based on the foregoing reasons, we affirm the decision of the Bankruptcy Court.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAR 2 9 2005